IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HERBERT C. AUSBIE, §
§
Plaintiff, §
§
VS. § NO. 4:17-CV-850-A
§
SALVATION ARMY INC., ET AL., §
§
Defendants. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant United States Housing and Urban Development ("HUD") to dismiss the claims of plaintiff, Herbert C. Ausbie, against it in the above-captioned action. The court, having considered the motion, the record, and the applicable legal authorities, concludes that the motion should be granted.

I.

### Plaintiff's Complaint

The above-captioned action is before the court by reason of notice of removal filed by HUD. Plaintiff initiated this action on August 22, 2017, by the filing of an original petition in the Judicial District Court of Tarrant County, Texas, 141st Judicial District. On November 20, 2017, plaintiff filed an amended pleading in this court, which, with a few exceptions, is identical to plaintiff's state court petition. In it, plaintiff

claims he either is or was a resident of the Catherine Booth Friendship House, a facility operated by The Salvation Army, located at 1901 E. Seminary Drive, Fort Worth, Texas, 76119. That some time approximately one-and-one-half years after he began living at this residence, he became aware that his apartment was infested with bed bugs. He complained that since the beg bug infestation, he has had to undergo medical treatment for bug bites, and further medical treatment to combat the side effects he has suffered due to an adverse reaction to the chemicals used by the pest patrol company. Plaintiff finally alleged that as a result of this experience, he is unable to live a normal life. In addition to suing HUD, plaintiff named as defendants The Salvation Army[1], Major Johnathan Rich, Mollie Sellers, Kyle Allen, Alfonco Hurtado, Certified Termite & Pest Control, and Linda Leepheart. Each of the individuals named as defendants, the best the court can tell, seem to be employees of either HUD, The Salvation Army, or Certified Termite & Pest Control.

II.

Grounds of the Motion

HUD contends that plaintiff's claims against it should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil

---

[1] Incorrectly named Salvation Army, Inc. in plaintiff's original petition.

Procedure. HUD argues this court lacks subject matter jurisdiction on the claims against it because plaintiff has failed comply with the requirement of the Federal Tort Claims Act ("FTCA"), which requires that any individual bringing a claim aganst an employee of the federal government or one of its agencies for injury, loss of property, personal injury, or death, first exhaust certain administrative remedies. See 28 U.S.C. §1346(b). HUD further argues that this court lacks subject matter jurisdiction on the claims against it because the FTCA requires that plaintiff's claims be brought against the United States, rather than HUD.

III.

Analysis

A. Claims Against HUD

The United States[2] is immune from suit, except to the extent that it has waived such sovereign immunity. FDIC v. Myers, 510 U.S. 471, 475 (1994). The FTCA, which is the appropriate vehicle by which to bring a claim against an employee of the federal government or one of its agencies, provides a limited waiver of that immunity for certain negligent or wrongful acts or omissions of a federal employee. See 28 U.S.C. §§ 2675(a), 2679(a)-(b).

---

[2]The FTCA also provides that suits brought pursuant to it are properly brought against the United States and not the responsible federal agency or employee. Thus, United States, not HUD, is the appropriate party here.

However, such "an action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

Presentment of a claim to the appropriate federal agency is a jurisdictional prerequisite to a tort suit against the United States. See Life Partners, Inc. v. United States, 650 F.3d 1026, 1030 (5th Cir. 2011); Cook v. United States, 978 F.2d 164, 166 (5th Cir. 1992). Because of this, a party must present his claim to and receive a final decision from the appropriate federal agency before he can bring such a claim against the federal government. Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir. 1981).

In its motion to dismiss, HUD contends that plaintiff's claims against it are barred because plaintiff failed to exhaust his administrative remedies by filing a claim with the appropriate federal agency--HUD--prior to initiating the present action. Indeed, plaintiff has alleged no facts in his complaint which, if taken as true, would show that such a claim has been filed. Therefore, plaintiff's claims against HUB are dismissed

4

for lack of subject matter jurisdiction.

B. <u>Claims Against All Remaining Defendants</u>

The above-captioned action was removed by HUD to this court on the basis that the claims against it invoked federal question jurisdiction. Now that the court has decided that dismissal of the claims against HUD is proper, the court concludes it is without jurisdiction to decide plaintiff's remaining claims.

The best the court can tell, plaintiff's remaining claims all arise under Texas state law, including, but not limited to, intentional infliction of emotional distress and violation of statutorily imposed duties on a landlord. Nothing in plaintiff's complaint, besides the claims against HUD, alleges anything arising under the "Constitution, laws, or treaties of the United States." <u>See</u> 28 U.S.C. § 1331. Thus, the court concludes that the above-captioned action should be remanded to the state court from which it was removed.

III.

Order

Based on the foregoing, the court ORDERS that the motion of HUD to dismiss the claims against it be, and is hereby, granted, and that all claims and causes of action by plaintiff against HUD be, and are hereby, dismissed.

5

The court further ORDERS that the remaining claims in this action be, and are hereby, remanded to the Judicial District Court of Tarrant County, Texas, 141st Judicial District.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against HUD.

SIGNED November 21, 2017.

JOHN McBRYDE
United States District Judge